**Electronically Filed
Intermediate Court of Appeals
30716
27-MAY-2011
08:08 AM**

NO. 30716

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF KK

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 09-12317)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Father-Appellant (Father) appeals from the Order Awarding Permanent Custody filed on August 31, 2010 in the Family Court of the First Circuit (family court).[1]

On appeal, Father contends that Findings of Fact (FOFs) 58, 60, 61, 63, and 70[2] are erroneous and Conclusions of Law (COLs) 9 and 11 are wrong. Although Father challenges specific FOFs and COLs from the September 15, 2010 Findings of Fact and Conclusions of Law, he does not provide individual arguments as to each challenged FOF and COL. Instead, Father argues generally that the State of Hawai'i Department of Human Services (DHS)

---

[1] The Honorable Bode A. Uale presided.

[2] In his Opening Brief, Father initially states that FOF 71 is erroneous, but later in his brief he quotes FOF 70, not FOF 71, and argues that FOF 70 is erroneous.

failed to prove by clear and convincing evidence that he was not, and would not be within a reasonable period of time, able to provide a safe family home for KK, even with the assistance of a service plan. Father also argues that the family court should not have considered what was in KK's best interest with respect to the permanent plan until after the court found that Father could not provide a safe family home. Lastly, Father argues that pursuant to Hawaii Revised Statutes (HRS) § 587-73(a)(2) (2006 Repl.), he should have up to two years to demonstrate that he could provide a safe home for KK and permanent custody should have been stayed until he completed his treatment program and post-program services.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Father's points of error as follows:

FOFs 58, 60, 61, 63, and 70 are not clearly erroneous and COLs 9 and 11 are not wrong. DHS's expert witness (expert witness) in clinical psychology testified that Father would need individual therapy and parenting classes in order to reunify with KK. The expert witness was not aware whether Father would receive such services while participating in the substance abuse treatment program at the Sand Island Treatment Center.

A DHS social worker (Social Worker) and Father both testified that Father was not participating in individual therapy and parenting classes because such services were not offered at the Sand Island Treatment Center. The Social Worker stated that even after Father ended treatment in May 2011, he would not be able to reunify immediately with KK because Father would have to participate in parenting classes. The Social Worker did not believe that the reunification process could be achieved by August 2011, the two-year maximum period of time in which a

2

parent must demonstrate that he/she could provide a safe family home.

Father was previously provided services when DHS intervened on behalf of KK's siblings in 2005-2006. Father's past involvement with services may be considered when determining whether Father can provide a safe family home. HRS § 587-25(4)(D) (Supp. 2009). DHS intervened again in this case for the same reasons it previously terminated Father's parental rights to his other children.

Contrary to Father's argument, there are no FOFs or COLs that indicate the family court decided to terminate Father's parental rights based on KK's best interest. COLs 8 through 11 demonstrate that the family court made a determination that Father could not provide a safe family home and it was not reasonably foreseeable that Father could provide a safe family home within a reasonable period of time, even with the assistance of a service plan, before considering whether the permanent plan was in KK's best interest.

HRS § 587-73(a)(2) does not state that Father must be provided with a minimum period of two years to demonstrate that he can provide a safe family home in the foreseeable future. The statute states that the two-year time period is the maximum amount of time that Father has to provide a safe family home.

> [T]he family court's determinations pursuant to HRS § 587-73(a) with respect to (1) whether a child's parent is willing and able to provide a safe family home for the child and (2) whether it is reasonably foreseeable that a child's parent will become willing and able to provide a safe family home within a reasonable period of time present mixed questions of law and fact; thus, inasmuch as the family court's determinations in this regard are dependant upon the facts and circumstances of each case, they are reviewed on appeal under the "clearly erroneous" standard. Likewise, the family court's determination of what is or is not in a child's best interests is reviewed on appeal for clear error.
>
> Moreover, the family court is given much leeway in its examination of the reports concerning a child's care, custody, and welfare, and its conclusions in this regard, if

3

supported by the record and not clearly erroneous, must stand on appeal.

In re Doe, 95 Hawai'i 183, 190, 20 P.3d 616, 623 (2001) (internal quotation marks, citations, and brackets in original omitted).

Therefore,

IT IS HEREBY ORDERED that the Order Awarding Permanent Custody filed on August 31, 2010 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 27, 2011.

On the briefs:

Wilfred S. Tangonan
for Father-Appellant.

Patrick A. Pascual
Mary Anne Magnier,
Deputy Attorneys General,
for Petitioner-Appellee
Department of Human Services.

Chief Judge

Associate Judge

Associate Judge

4